UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TRINITY S.,

Plaintiff,

-against- 3:25-CV-00454 (LEK)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**MEMORANDUM-DECISION AND ORDER**

# I. INTRODUCTION

Plaintiff Trinity S.[1] brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying her applications for social security disability insurance benefits ("DIB"), supplemental security income benefits ("SSI"), and child's insurance benefits, on the basis of a lack of disability. Dkt. No. 1 ("Complaint"). Plaintiff moved for the Court to vacate the Commissioner's final decision and remand for further proceedings. Dkt. No. 14 ("Plaintiff's Motion"). The Commissioner filed a brief in opposition to Plaintiff's Motion, moving for the Court to affirm the Commissioner's final decision. Dkt. No. 16 ("Commissioner's Motion").[2] Plaintiff filed a reply. Dkt. No. 17.

For the reasons that follow, the Court affirms the Commissioner's decision, grants the Commissioner's Motion, and denies Plaintiff's Motion.

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Order will identify Plaintiff's last name by initial only

[2] "The assigned judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure." General Order 18 at 5.

## II. BACKGROUND

Plaintiff applied for supplemental security income on February 3, 2022, and child's insurance benefits on March 2, 2022, alleging that her disability began on February 3, 2021. *See* Dkt. No. 9 at 11 ("T.").[3] Plaintiff alleged disability "due to 'thyroid,' depression, anxiety, and an adjustment disorder," which prevented her from working. Pl. Mot. at 1;[4] *see* T. at 67. The Social Security Administration initially denied Plaintiff's claim on May 18 and 19, 2022. T. at 158, 180. Upon reconsideration, on April 3, 2023, the Social Security Administration again denied Plaintiff's claim. *Id.* at 206, 210.

Following a hearing on April 19, 2024, Administrative Law Judge ("ALJ") Jude Mulvey issued a decision on May 31, 2024, denying Plaintiff's application. *Id.* at 11–20. The ALJ engaged in a "five-step sequential evaluation process" to determine Plaintiff's disability status and ultimately concluded that Plaintiff was not disabled. *Id.* at 12, 20.

On February 28, 2025, the Appeals Council denied Plaintiff's request for review. *Id.* at 1–7. Thus, the ALJ's decision on May 31, 2024, is the Commissioner's final decision. *Id.* at 1.

## III. LEGAL STANDARD

### A. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015). The Commissioner's decision will be overturned "only if the ALJ applies an incorrect legal standard, or if the ALJ's ruling is not supported by substantial evidence." *Rucker v. Kijakazi*, 48 F.4th 86, 91 (2d Cir.

[3] Page number citations to the Administrative Record/Transcript refer to the official pagination on the bottom right of each page.
[4] Page number citations to the parties' filings refer to the pagination provided in the footers.

2022). "Substantial evidence is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). This requires "only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co.*, 305 U.S. at 229). This "threshold for . . . evidentiary sufficiency is not high." *Id.* Where substantial evidence supports the ALJ's findings, the decision must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). That is, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

To facilitate the court's review, an ALJ must set forth "the crucial factors . . . with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). "It is not the function of this Court to speculate as to the evidence and legal standards on which the ALJ based [their] decision, nor to supply its own rationale where the ALJ's decision is lacking or unclear." *Dittmar v. Comm'r of Soc. Sec.*, No. 16-CV-0404, 2017 WL 2333836, at *5 (N.D.N.Y. May 30, 2017).

**B. Standard for Benefits**

To be considered disabled, a claimant must establish that they are "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The

Commissioner uses a five-step process, set forth in 20 C.F.R. §§ 404.1520 and 416.920, to evaluate SSI and DIB claims:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v)). The claimant has the burden to establish a disability at the first four steps. *Id.* However, if the claimant establishes that their impairment prevents them from performing their past work, the burden shifts to the Commissioner to prove the final step. *Id.*

## IV. DISCUSSION

### A. Violation of Social Security Rulings

Plaintiff argues that the ALJ's "decision violates [Social Security Ruling ("SSR")] 00-4p because the ALJ failed to resolve the apparent conflict between the [vocational expert's ("VE")] testimony and the [Dictionary of Occupational Titles ("DOT")] regarding jobs found."[5] Pl. Mot. at 8. The Commissioner argues that there is no apparent conflict, and that substantial evidence supports the ALJ's step-five findings. Comm'r Mot. at 4–5.

---

[5] The Court notes that SSR 00-4p was rescinded and replaced on January 6, 2025 by SSR 24-3p, which "no longer require[s] . . . adjudicators to identify and resolve conflicts between occupational information provided by VSs and VEs and information in the DOT." SSR 24-3p, 2024 WL 5256890, at *2 (Dec. 6, 2024). However, SSR 24-3p does not apply retroactively. *Id.* at *2 n.1 As the ALJ's decision was signed May 31, 2024, SSR 00-4p applies here. T. at 20.

Under the five-step process set forth in 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found that Plaintiff (1) was not engaged in substantial gainful activity, (2) had severe impairments including "anxiety disorder, mood disorder . . ., binge eating disorder, and obesity," (3) did not have an impairment meeting or equaling the severity of one of the specified impairments in the Listing of Impairments, (4) had the residual functional capacity ("RFC") to perform "medium work" with exceptions, and had no past relevant work, and (5) could perform jobs that exist in significant numbers in the national economy. T. at 13–20.

In finding an RFC to perform "medium work" as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), the ALJ specified certain exceptions, including that Plaintiff "can only tolerate a low level of work pressure (defined as work not requiring multi-tasking, detailed job tasks, significant independent judgment, working at a production ratee pace, or sharing job tasks), and can tolerate occasional interaction with supervisors, co-workers, and the public." *Id.* at 15. As to the fifth step, the ALJ relied on the VE's testimony that Plaintiff could perform the jobs of laundry worker, cleaner, and hand packager. *Id.* at 19–20, 61.

These three jobs from the VE all include a reasoning level of two, which requires the application of "commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT 361.685-018, 1991 WL 672987 (laundry worker II); DOT 381.687-018, 1991 WL 673258 (cleaner, industrial); DOT 920.587-018, 1991 WL 687916 (packager, hand). Plaintiff argues that this reasoning level requirement apparently conflicts with the RFC determination, as the DOT specifies the need to carry out "detailed but uninvolved written or oral instructions" for these jobs, while the RFC provides that Plaintiff cannot tolerate work requiring "detailed job tasks." Pl. Mot. at 9–10. Further, Plaintiff asserts that the ALJ did not resolve this apparent conflict, as required under SSR 00-4p, nor did the ALJ engage in any inquiry as to the

conflict. *Id.*; SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Therefore, Plaintiff argues that remand is required for the ALJ to resolve the conflict. Pl. Mot. at 10.

The Commissioner argues that there is no conflict between the specified RFC limitations and the level two reasoning requirements, as the RFC limitations are compatible with the level two jobs and there is a distinction between detailed "instructions" and detailed "job tasks." Comm'r Mot. at 4–9. Specifically, the Commissioner cites to many cases within the Second Circuit demonstrating that there is no apparent conflict between a reasoning level of two and the performance of "simple" or "routine" tasks or "unskilled" or "low stress" work. *Id.* at 5–7 (citing *Ridley G. v. Comm'r of Soc. Sec.*, No. 20-CV-773, 2021 WL 4307507, at *11 (N.D.N.Y. Sept. 22, 2021); *Celia A.B. v. Comm'r of Soc. Sec.*, No. 21-CV-112, 2022 WL 4225540, at *3 (N.D.N.Y. Sept. 13, 2022)). The Commissioner concedes that "the ALJ worded the low-stress restrictions slightly differently" here, but points to courts within other circuits that have found no apparent conflict between "detailed job tasks" limitations and level two reasoning requirements. *Id.* at 7–8 (citing *Miraco B. v. Comm'r of Soc. Sec.*, No. 19-CV-05777, 2021 WL 9667338, at *15 (N.D. Ga. July 8, 2021); *Ferreira v. Comm'r of Soc. Sec.*, No. 20-CV-00509, 2022 WL 1204843, at *25 (E.D. Cal. Apr. 22, 2022), *aff'd sub nom. Ferreira v. Kijakazi*, No. 22-15906, 2023 WL 2755590 (9th Cir. Apr. 3, 2023); *Hills v. Dudek*, No. 24-CV-00003, 2025 WL 833052, at *4 (E.D. Mo. Mar. 17, 2025)).

"The Second Circuit has made clear that an ALJ has an 'affirmative obligation' to identify and resolve 'apparent conflicts' between the DOT and VE testimony." *Timothy M. v. Kijakazi*, No. 20-CV-310, 2021 WL 4307455, at *16 (N.D.N.Y. Sept. 22, 2021) (quoting *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 93–94 (2d. Cir. 2019)). Here, the Court finds that there was no apparent conflict for the ALJ to identify and resolve. Although the

language "work not requiring . . . detailed job tasks" is not identical to "simple" or "routine" work, the Court finds that the reasoning in Second Circuit cases regarding RFC limitations of "simple" or "routine" work is applicable. *See, e.g.*, *Ridley G.*, 2021 WL 4307507, at *11. "[A] growing number of courts have held that jobs with DOT reasoning levels of two or three are compatible with limitations to simple, routine work." *Timothy M.*, 2021 WL 4307455, at *16 (quoting *Haiss v. Berryhill*, No. 17-CV-8083, 2019 WL 3738624, at *11 (S.D.N.Y. May 15, 2019). Likewise, the Court recognizes no apparent conflict between a reasoning level of two and an RFC limitation as to work not requiring "detailed job tasks." T. at 15. The ALJ thus properly relied upon the VE's testimony regarding jobs existing in the national economy that Plaintiff could perform. T. at 19–20, 61.

Therefore, the Court holds that the ALJ did not violate SSR 00-4p through failure to resolve an apparent conflict between the DOT and VE testimony, and the Court affirms the final decision of the Commissioner.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's motion for judgment on the pleadings, Dkt. No. 14, is **DENIED**; and it is further

**ORDERED**, that the Commissioner's motion for judgment on the pleadings, Dkt. No. 16, is **GRANTED**; and it is further

**ORDERED**, that the Commissioner's decision is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 25, 2026
Albany, New York

LAWRENCE E. KAHN
United States District Judge